IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL EDWIN GAUL,

        Plaintiff,             No. CIV S-05-1133 DFL CMK P

   vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.       <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this § 1983 claim against Governor Schwarzenegger, Chief of Correction Case Records Janet Rodriguez, and thirteen members of California's parole board for alleged procedural defects in his parole hearings.  The Magistrate Judge issued findings and recommendations on October 28, 2005, finding that plaintiff's claim can only be brought as a petition for a writ of habeas corpus because he seeks an earlier or immediate release from prison.  However, plaintiff's complaint can also be read as raising only procedural challenges to his parole hearing.  In addition, he clarified in the objections to the findings and recommendations that he intends only to raise procedural challenges and does not seek an earlier release as part of the relief in this action.  With the benefit of this clarification, the complaint may be understood to raise a cognizable claim under § 1983. <u>See</u> <u>Wilkerson v. Dotson</u>, 544 U.S. 74, 125 S.Ct. 1242 (2005).  Therefore, the court DECLINES

to adopt this portion of the Magistrate Judge's findings and recommendations  and REMANDS the case to the Magistrate Judge for further proceedings.

The court adopts the Magistrate Judge's recommendation that the parole board defendants be dismissed, and these defendants are now dismissed.  See Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir. 1981); Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (finding absolute immunity bars § 1983 claims for injunctive relief against parole board officials); Federal Courts Improvement Act of 1996, § 309(c), Pub.L.No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983 to state that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

IT IS SO ORDERED.

DATED: 8/8/2006


DAVID F. LEVI
United States District Judge