IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL EDWIN GAUL,                             No. CIV S-05-1133-RRB-CMK-P

      Plaintiff,

   vs.                                              AMENDED FINDINGS AND
                                                                                 RECOMMENDATIONS
ARNOLD SCHWARZENEGGER,
 et al.,

      Defendants.

                                  /

         Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are separate motions to dismiss filed by defendants Schwarzenegger and Rodriguez (Docs. 17 and 29).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

# I. BACKGROUND

The remaining defendants are California Governor Arnold Schwarzenegger and, Chief of Correctional Case Records Janet Rodriguez.[1] Plaintiff states that at a 1991 hearing in state court he accepted a plea agreement in exchange for his testimony in a death penalty trial. According to plaintiff, the district attorney told the court that he felt that plaintiff should receive parole at the earliest possible date. Plaintiff states that an official court transcript of this proceeding was made. The key factual allegations to plaintiff's claim are as follows:

> . . . All Defendants intentionally and knowingly held Parole Consideration Hearings without "all" relevant and reliable information, to wit, the sentencing transcripts of the plea agreement . . . which are missing from Plaintiff's Central File, thus all Parole Consideration Hearings are illegal, holding hearings that were neither fair or impartial, thus violating Plaintiff's substantial and procedural due process rights . . . while acting under color of law.
>
> . . . Defendant Rodriguez, in her official capacity, violated Plaintiff's procedural and substantial due process rights . . . by not ensuring that all court documents were inserted in Plaintiff's Central File, while acting under color of law.
>
> * * *
>
> . . . Defendant Schwarzenegger, as Governor and overseer of all state agencies, is responsible for Plaintiff's legal custody and the duties of the Board of Prison Terms to hold timely Parole Consideration Hearing. Defendant Schwarzenegger failed in providing the finances, commissioners, and direction to perform their function in a timely and legal manner, detaining Plaintiff illegally and violating Plaintiff's procedural and substantial due process rights . . . . while acting under color of law.

Plaintiff seeks declaratory and injunctive relief. On August 9, 2006, the court issued an order clarifying plaintiff's § 1983 claim as raising a procedural due process challenge to his parole hearing. See Wilkerson v. Dotson, 544 U.S. 74 (2005). Plaintiff seeks a new parole hearing where the transcript is considered.

///

---

[1] Members of the parole board who were named as defendants have been dismissed as immune from suit.

## II.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In considering a motion to dismiss under this standard, the court must accept all allegations of material fact as true and must construe them in the light most favorable to the plaintiff.  See Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

Under these standards, a statute of limitations defense may be raised in a motion to dismiss.  Finally, leave to amend a deficient complaint must be granted ". . . [u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir.

2000) (en banc).

### III. DISCUSSION

Defendants Schwarzenegger and Rodriguez have filed separate motions to dismiss.

**A.     Defendant Schwarzenegger's Motion to Dismiss**

Defendant Schwarzenegger argues that he should be dismissed for either one of two reasons: (1) he cannot be sued in his official capacity because an official capacity suit is the same as a suit against the State of California, which is immune under the Eleventh Amendment; and (2) he cannot be sued in his individual capacity because plaintiff has not alleged a causal connection between defendant and the claimed procedural violations in his parole proceeding.

1.     Immunity

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies.[2] See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not

---

[2] A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

4

bar suits for prospective declaratory or injunctive relief against state officials in their official capacities.  See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).  The Eleventh Amendment also does not bar suits against cities and counties.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

   Defendant Schwarzenegger argues that an official capacity suit cannot be brought against him due to Eleventh Amendment immunity.  Plaintiff responds that, because he is seeking prospective injunctive and declaratory relief, Eleventh Amendment immunity does not apply.  Plaintiff is correct.

   2. Supervisory Liability

   Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them.  See id.   When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

   Defendant Schwarzenegger argues that plaintiff has not alleged any direct link between him and the conduct of defendant Rodriguez, the only other defendant remaining in the action.  The court agrees.  The basis of plaintiff's allegation against defendant Schwarzenegger, as set forth in the complaint, is nothing more than respondeat superior.  Plaintiff claims that defendant Schwarzenegger is liable because he failed to properly oversee other individuals.  Plaintiff does not allege any specific connection between defendant Schwarzenegger and his allegation that defendant Rodriguez failed to include all available information in his file.  As

stated above, defendant Schwarzenegger can only be liable for the constitutional violations of subordinates if he participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them.

It is possible that this defect can be cured through amendment of the complaint, and defendant does not argue otherwise.

### 3. Violation of State Law

In his reply to plaintiff's opposition, defendant Schwarzenegger argues for the first time that plaintiff's claim must be dismissed because a violation of state law is not actionable under § 1983. While this is true in a very general sense, a violation of state law may give rise to a violation of due process. In particular, the Ninth Circuit held in Sass v. Bd. of Prison Terms, 461 F.3d 1123 (9th Cir. 2006), that California's parole statute creates a federally cognizable liberty interest. Defendant's argument is, therefore, unpersuasive.

**B.  Defendant Rodriguez' Motion to Dismiss**

Defendant Rodriguez argues that plaintiff's claim as against both remaining defendants are barred by the preclusion doctrines of res judicata and collateral estoppel. Under the doctrine of res judicata, or claim preclusion, an action may be barred where an earlier action involved the same claim and parties, and reached a final judgment on the merits. See Nordhorn v. Ladish Co, Inc., 9 F.3d 1402, 1404 (9th Cir. 1993). A decision in a prior federal habeas corpus action under 28 U.S.C. § 2254 can have preclusive effect in a subsequent civil rights action under 42 U.S.C. § 1983. See Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1992). Thus, a subsequent § 1983 action is barred if the identical claim was raised in a prior § 2254 case. See id. Similarly, under the doctrine of collateral estoppel, or issue preclusion, any issue necessarily and finally decided in an earlier action may not be relitigated in a later case involving a party to the prior action. See Allan v. McCury, 449 U.S. 90, 94 (1980); see also Hawkins, 984 F.2d at 325.

///

Defendant Rodriguez states that the claim plaintiff raises in this civil rights case was adjudicated against him in a prior habeas corpus proceeding.  Defendant concludes that this prior adjudication operates under the doctrines of claim preclusion and issue preclusion to bar the claim raised in this case.  The court does not agree.  According to defendant Rodriguez:

> . . . The district court [in the prior habeas corpus proceeding] found that a transcript of the guilty plea was not in Gaul's . . . central file and that, when asked to do so, the superior court had been unable to locate the court file and, therefore, could not confirm or deny that a transcript of the guilty plea existed.  The district court, however, found that the central file contained a California Penal Code § 1203.01 statement by the district attorney who had prosecuted the criminal case that Gaul be granted the earliest possible parole and that the trial judge had concurred with the prosecutor's views.

Thus, it appears that the "issue" or "claim" defendant argues is precluded in this case relates to the court transcript.

The findings in the prior case regarding the transcript were, as defendant notes, that:  (1) the transcript was not in plaintiff's central file; because (2) the superior court file had been lost.  Assuming for the moment that this court must reach the same factual findings by operation of the preclusion doctrines, the court fails to see how this would foreclose the procedural due process claim plaintiff raises in this case.  To prevail, defendant must show that, because this court must accept the factual determination as in the prior case, plaintiff cannot state a claim upon which relief can be granted in this case.   The critical question is whether a transcript of the 1991 hearing existed at the time of plaintiff's parole hearing such that defendant would have had a duty to include it in the materials submitted to the parole board.  Plaintiff clearly alleges in the complaint that a transcript of this hearing was made and, therefore, that the transcript must exist somewhere.  The factual determinations in the prior case do not foreclose this possibility.  In fact, according to defendant, the state court could not confirm or deny the existence of the transcript in question because its file had been lost.  A lost court file, however, does not establish that the transcript was not available from some other source, such as the court reporter or the district attorney's office.

Finally, the court addresses defendant Rodriguez' argument that plaintiff's due process claim is now moot because plaintiff was eventually recommended for parole, even though the transcript at issue was not in plaintiff's central file.[3] The governor, however, later reversed the recommendation that plaintiff be granted parole and there is no indication that the transcript was available to the governor when he made this decision. Thus, it is possible that the absence of the transcript played a part in the ultimate denial of parole. For this reason, the claim is not moot.

### IV. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendant Schwarzenegger's motion to dismiss (Doc. 17) be granted;

2. Defendant Rodriguez' motion to dismiss (Doc. 29) be denied; and

3. This matter be referred back to the Magistrate Judge to provide plaintiff an opportunity to file an amended complaint to address the defect identified herein with respect to defendant Schwarzenegger.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive

/ / /

/ / /

/ / /

---

[3] This argument was raised for the first time in objections filed on June 5, 2007, even though plaintiff had been recommended for parole months earlier. Defendant could have and should have raised this argument in his motion to dismiss filed on May 11, 2007.

the right to appeal.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 17, 2007.

                                                _____
                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE