IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL EDWIN GAUL,                                No. CIV S-05-1133-JAM-CMK-P

        Plaintiff,

   vs.                                          ORDER

ARNOLD SCHWARZENEGGER,
et al.,

        Defendants.

                               /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

        On August 20, 2007, the magistrate judge filed amended findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within 20 days. Timely objections to the findings and recommendations have been filed.

/ / /

/ / /

1

1   The magistrate judge recommended denying defendant Rodriguez' motion to
2 dismiss. Defendant argues in his motion to dismiss that plaintiff's § 1983 due process claim is
3 precluded by a prior court determination, referencing <u>Gaul v. Rawers</u>, CV-03-7906-DOC, a prior
4 federal habeas corpus case plaintiff filed in the Central District of California. Defendant
5 contends this case stands for the proposition that plaintiff's due process claim ". . . was denied in
6 a prior federal habeas preceding [sic]."

7   The magistrate judge also recommended granting defendant Schwarzenegger's
8 motion to dismiss but giving plaintiff an opportunity to file an amended complaint with respect
9 to this defendant.

10   The Court finds the arguments set forth in "Defendants' Objections to Magistrate
11 Judges's Amended Findings and Recommendations" (Docket 37) to be persuasive and, therefore,
12 does not adopt the amended findings and recommendations filed August 20, 2007 (Docket 36).

13   Contrary to the magistrate judge's finding, Defendants' argument does reflect a
14 correct understanding of the claim in this case. This Court finds that plaintiff's §1983 claim
15 herein is precluded by the prior habeas decision in the Central District of California. This
16 decision can, and does, have a preclusive effect in the subsequent civil rights action herein. See
17 <u>Hawkins v. Risley,</u> 984 F. 2d 321, 323 (9th Cir. 1992). The Court disagrees with the magistrate
18 judge's finding that this court should not be bound by the findings made in prior habeas decision.
19 The magistrate judge's finding rests on unsupported speculation rather than the factual record
20 and findings by the district court in the habeas corpus proceeding. As Defendants point out, in
21 the fifteen years since plaintiff entered his guilty plea in the state court proceedings, and the two
22 years since the decision in the prior habeas proceeding, the plaintiff has not obtained a copy of
23 the transcript from the trial court, the court reporter, the district attorney, or any other source.
24 Plaintiff has the burden of producing the evidence that supports his claim. He has failed to satisfy
25 this burden. Plaintiff's claim rests on a mistaken subjective belief about what he was promised.
26 As the district court found in the habeas proceeding, plaintiff's subjective belief that he had been

promised parole as soon as he was eligible was not dispositive; instead, the objective facts showed that he could not have reasonably believed that he had been promised release on parole as soon as he was eligible. (Defs.' Motion to Dismiss, Ex. A 28:15-30:9)

Thus, the first requirement for claim preclusion has been met because there is an identity of claims between the habeas and § 1983 proceedings since both suits arise out of the same transactional nucleus of facts. Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000). The second requirement for claim preclusion is satisfied because a final judgment on the merits was entered in the habeas action. Finally, the privity requirement is also satisfied. Plaintiff, Paul Gaul was the petitioner in the habeas proceeding and is the plaintiff in this §1983 action. His interests are the same in both actions and he is bound by the judgment against him in the prior action. Jones v. Bates, 127 F. 3d 839, 848 (9th Cir. 1997).

Accordingly, this Court declines to adopt the magistrate judges amended findings and recommendations on the issue of claim preclusion and instead finds that claim preclusion does apply in this case. Therefore, defendant Rodriquez's motion to dismiss is granted. Moreover, because plaintiff's claims against defendant Schwarzenegger are dependent on an alleged failure to supervise defendant Rodriquez, the claims against defendant Schwarzenegger are dismissed as well, without leave to amend. In view of the Court's decision herein with respect to the issue of claim preclusion, the Court need not, and will not address the remaining findings and recommendations by the magistrate judge, or the objections thereto raised by defendants.

For the reasons articulated herein, the undersigned agrees that the denial of plaintiff's prior habeas claim operates to bar the instant civil rights due process claim. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations not to be supported by the record and by proper analysis.

/ / /

1     Accordingly, IT IS HEREBY ORDERED that:

2     1.    Defendant Schwarzenegger's motion to dismiss (Doc. 17) is granted;

3     2.    Defendant Rodriguez' motion to dismiss (Doc. 29) is granted; and

4     3.    Plaintiff shall not be granted leave to amend since it appears beyond doubt that plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

Dated: August 22, 2008

                                                /s/ John A. Mendez  
                                         UNITED STATES DISTRICT JUDGE